**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 18-1750 & 18-1970
_____

KINGSLY MENGALLE NGEDE,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A209-991-536)
Immigration Judge:  Honorable Walter A. Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 1, 2019

Before:  KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed March 13, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kingsly Mengalle Ngede, a citizen of Cameroon, petitions for review of the Board of Immigration Appeals' (BIA) final order of removal. For the following reasons, we will dismiss the petition for review docketed at No. 18-1750, and deny the petition for review docketed at No. 18-1970.

Ngede was paroled into the United States as an arriving alien in December 2016, and applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture (CAT). His application was based on allegations that he was targeted by the police for participating in the Southern Cameroon National Council (SCNC), a political opposition group. In particular, Ngede alleged that the police beat and kicked him following a conference in October 2015 that he organized. After that incident, Ngede kept a low profile until February 2016, when his boss convinced him to come out of hiding. Ngede and his boss then went to the police to demand the release of the other attendees who had been arrested at the conference. Upon arrival at the police station, Ngede was arrested for organizing illegal activities. He was detained for two days in a cell with fetid water. After his release, Ngede went to the hospital, where he was diagnosed with malaria and typhoid fever, which he believes were contracted while in detention. In June 2016, the police raided the office where Ngede worked. Ngede was not there at the time and, when he learned of the raid, he left town and stayed with his brother until September 2016, when he fled Cameroon.

Ngede, who was represented by counsel, appeared for a hearing before an Immigration Judge. The IJ denied relief, concluding that Ngede was not credible,

primarily because of inconsistencies between his testimony and affidavits from his mother and his former boss.[1] With the assistance of new counsel, Ngede appealed to the Board of Immigration Appeals. The Board rejected Ngede's explanations for the inconsistencies, concluded that the IJ's refusal to permit his expert witness to testify did not deprive him of a fair hearing, and stated that he had waived his CAT claim by failing to pursue it in his brief on appeal. Accordingly, on November 22, 2017, the Board affirmed and adopted the IJ's decision. Ngede did not file a petition for review.

Ngede next filed a timely motion to reopen with the Board, presenting new country conditions evidence and alleging that his prior attorneys provided ineffective assistance of counsel. The Board denied the motion on March 29, 2018. On April 4, 2018, Ngede, proceeding pro se, filed a petition for review, which was docketed here at No. 18-1750. Shortly thereafter, on April 16, 2018, the BIA sua sponte issued an amended decision on Ngede's motion to reopen. In doing so, the Board vacated its decision of March 29, 2018, noting that an "administrative error" prevented it from considering supplemental materials pertaining to ineffective assistance of counsel that Ngede submitted in support of the motion to reopen. But the Board again denied relief, concluding that Ngede's claims did not resolve his lack of credibility, that the country conditions evidence submitted with the motion to reopen was "generalized" and

---

[1] Ngede's mother's affidavit indicated that he was detained from October 2015 until February 2016, although Ngede testified that he was detained for only two days in February 2016. And, although Ngede claimed that he and his boss were detained at the same time, his boss' affidavit did not mention Ngede's detention.

3

"cumulative," and that he failed to "show that he was prejudiced by any ineffective assistance of counsel where he did not … prove a likelihood of persecution or torture." Ngede filed another timely pro se petition for review, which was docketed here at No. 18-1970. The petitions for review have been consolidated for all purposes.

We have jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(1). But in this case, the order entered on March 29, 2018, was rendered moot when the Board vacated that order and issued a new one in its place. See Ordonez-Tevalan v. Att'y Gen., 837 F.3d 331, 339 (3d Cir. 2016) (quoting Thomas v. Att'y Gen., 625 F.3d 134, 139 (3d Cir. 2010) (explaining that if a "subsequent decision substantively altered the ratio decidendi in its earlier disposition and operated to vacate the BIA's earlier decision, then the petition for review of the earlier decision is without effect because there is no longer any order or decision for the court of appeals to review."). Accordingly, we will dismiss the petition for review docketed at No. 18-1750.[2] We do have jurisdiction, however, over the petition for review docketed at No. 18-1970. But, as to that petition, we cannot review the BIA's original final order of removal because the petition for review was timely only as to the denial of reopening on April 16, 2018. See 8 U.S.C. § 1252(b)(1); McAllister v. Att'y Gen., 444 F.3d 178, 185 (3d Cir. 2006). We review the BIA's denial of the motion to reopen for abuse of discretion. See Filja v. Gonzales, 447 F.3d 241, 251

---

[2] This dismissal does not affect the scope of our review, however, because the BIA order entered April 16, 2018, which we have jurisdiction to review, is effectively identical to the one that was entered on March 29, 2018.

(3d Cir. 2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002) (citation omitted).

The BIA did not abuse its discretion in denying Ngede's motion to reopen. In support of that motion, Ngede relied on evidence of country conditions in Cameroon to support his original theory of persecution. In particular, he included news articles and NGO reports that describe violent clashes between protestors and government forces in October 2017. See Administrative Record (A.R.), p. 77-91; 93-150; 152-174. But, aside from describing recent events, that evidence that does not significantly differ from the material that Ngede submitted with his original application for relief. See A.R., p. 425 (account of security forces shooting a former SCNC official in 2003); 484 (February 2017 report of a crackdown on anti-government protests); 501 (February 2017 *New York Times* article describing violent protests in December 2016). Because the evidence submitted with the motion to reopen merely demonstrated the persistence of country conditions asserted in the original application, reopening was not warranted. See Zhao v. Gonzales, 440 F.3d 405, 407 (7th Cir. 2005) ("cumulative evidence that conditions asserted in the original application 'persisted' is not evidence of changed circumstances."). Moreover, the evidence submitted with Ngede's motion to reopen does not remedy the IJ's conclusion that Ngede failed to provide a credible account of the harm he experienced as a SCNC member. See Zhang v. Mukasey, 543 F.3d 851, 855 (6th Cir. 2008) (stating that the BIA may reasonably expect an alien who is proceeding

5

on reopening with the same theory of persecution to attempt to rehabilitate his credibility).

In addition, the Board properly rejected Ngede's claim that his attorneys provided ineffective assistance of counsel. An ineffectiveness claim, if properly established, could constitute proper grounds for reopening a removal proceeding. See Xu Yong Lu v. Ashcroft, 259 F.3d 127, 132 (3d Cir. 2001). To prevail on a claim for ineffective assistance, an alien must show "(1) that he was prevented from reasonably presenting his case and (2) that substantial prejudice resulted." Fadiga v. Att'y Gen., 488 F.3d 142, 155 (3d Cir. 2007) (internal quotation marks omitted). Prejudice is a "reasonable likelihood" that the result of the removal proceedings would have been different had the error not occurred. See id. at 159.

Ngede claimed that his first attorney did not give him a reasonable opportunity to examine his supporting documents, including the affidavits from his mother and boss, before submitting them to the immigration court. He also faulted his second attorney for failing to raise before the BIA any argument concerning the IJ's denial of CAT relief. But Ngede cannot demonstrate that he was prejudiced by those alleged errors because, as the BIA noted, he is not eligible for asylum, withholding of removal, or CAT relief. See Denis v. Att'y Gen., 633 F.3d 201, 219 (3d Cir. 2011) (stating that petitioner's "ineligibility for CAT relief wholly undermines [his] assertion that the ineffective assistance of counsel caused substantial prejudice to his otherwise compelling claim.").

As described above, Ngede claimed that government forces assaulted him one

6

time, arrested him and detained him for two days in an unsanitary cell, and raided his office while he was not there. Clearly, these incidents were objectionable. But the record evidence neither demonstrates that Ngede suffered past persecution nor shows that he has a well-founded fear of future persecution.[3] See Kibinda v. Att'y Gen., 477 F.3d 113, 123 (3d Cir. 2007) (holding that a five-day detention and beating that required stitches and left a scar were not "severe enough to constitute persecution under our stringent standard."); Njong v. Whitaker, 911 F.3d 919, 923 (8th Cir. 2018) (holding that SCNC member's three- and four-day detentions, one of which was accompanied by physical injuries caused by a beating, did not rise to the level of persecution). Similarly, the evidence does not compel a finding that Ngede is more likely than not to experience the type of extreme cruel and inhuman treatment constituting torture if he is removed to Cameroon. See Shardar v. Ashcroft, 382 F.3d 318, 324 (3d Cir. 2004) (holding BIA did not err in determining that petitioner, who was "severely beaten," was not tortured); Auguste v. Ridge, 395 F.3d 123 (3d Cir. 2005) (fact that Haitian national, if removed to Haiti, would be detained indefinitely in prison did not rise to level of "torture," nor did deplorable conditions in Haitian prisons).

For the foregoing reasons, we will dismiss the petition for review at No. 18-1750, and deny the petition for review at No. 18-1970.

---

[3] Because Ngede fails to demonstrate eligibility for asylum, he necessarily fails to meet the clear probability standard required for withholding of removal. See Mudric v. Att'y Gen., 469 F.3d 94, 102 n. 8 (3d Cir. 2006).